IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAMELA ALTMAN : CIVIL ACTION
:
v. :
: No. 09-4437
LIBERTY HELICOPTERS, INC., et al. :

**MEMORANDUM**

Ludwig, J. January 13, 2010

This action is based on an aircraft collision over the Hudson River on August 8, 2009.[1] On that date, plaintiff's decedent was piloting a single-engine fixed-wing aircraft from Teterboro to Ocean City, New Jersey when a helicopter owned by defendant Meridian Consulting I Corporation, and operated by defendant Liberty Helicopters, Inc. for sightseeing tours, also entered the Hudson River air traffic. The resulting accident caused the death of plaintiff's decedent. On September 30, 2009, plaintiff commenced this action and, on October 29, 2009, filed an amended complaint. Defendants are Meridian, Liberty, American Eurocopter, LLC (seller of the helicopter), and four insurance companies - United States Aviation Underwriters, United States Aircraft Insurance Group, Allianz Global Risks US

---

[1] This is the third action filed by these parties arising from the collision. The first action was filed by the insurance defendants, Liberty, and Meridian against plaintiff and others, in the Superior Court of New Jersey, Bergen County at No. BER-L-8059-09. The filing of that case preceded this one by filed approximately two weeks. The second action is identical with this one and was filed by plaintiff in the Court of Common Pleas of Philadelphia County, September Term, 2009, No. 031116, one day before this one. Additionally, there are currently five cases pending in the United States District Court for the District of New Jersey arising from the collision.

Insurance Company, and Arch Insurance Company.[2]  Because neither complete diversity or a federal question is present, this action must be dismissed. 28 U.S.C. §§ 1332, 1332.

Plaintiff is a citizen of Pennsylvania. Amended complaint, ¶ 1. Defendant USAIG, "a joint underwriting association consisting of member insurance companies . . . has a principal place of business in Pennsylvania and does business in Pennsylvania through many brokers and is licensed here." Id., ¶ 7. ACE American Insurance Company, a company organized and existing under the laws of of the Commonwealth of Pennsylvania, is a member company of defendant USAIG. Defendants' motion, ¶ 11 and Declaration of William F. Ranieri,[3] Exhibit 1, defendants' motion. In determining diversity, an unincorporated association is considered a citizen of each state where any one of its members is a citizen, and all member companies must be diverse from the opposing party. RLI Ins. Co. v. United States Aviation Underwriters, Inc., 739 F. Supp. 1219, 1221 (N.D. Ill. 1990), citing Carden v. Arkoma Associates, 494 U.S. 185 (1990) ("The Supreme Court [has] held that the citizenship of every member of an unincorporated entity must be considered for diversity purposes."). Moreover, "[a]ll members of an incorporated association must be diverse from the opposing party; it is irrelevant whether the unincorporated association is plaintiff or

---

[2] Also named are Macquarie Infrastructure Company and its unincorporated division AvPorts, which operated the Teterboro Airport, and individual air traffic controllers Carlyle D. Turner and Dennis D. Moore. On January 7, 2010, counsel for Macquarie entered an appearance, but Macquarie and AvPorts have not otherwise responded to the amended complaint. Neither of the individual defendants has entered an appearance as of this date.

[3] William F. Ranieri is senior vice-president of USAU; USAU is the manager of USAIG. Delaration, 5.

defendant." Rockwell Int'l Credit Co. v. United States Aircraft Ins. Group, 823 F.2d 302, 304 (9th Cir. 1987), overruled on other grounds by Partington v. Gedan, 923 F.2d 686 (9th Cir. 1991). Under this rule, diversity does not exist.

Plaintiff concedes that diversity jurisdiction did not exist at the time of filing, and does not at present, but to cure the jurisdictional defect, moves for dismissal of USAIG. USAU and USAIG oppose this request, arguing that USAIG is an indispensable party. Fed R. Civ. P. 19(b).

The claims against the insurer defendants, including USAIG, are as follows: fraudulent claim and false swearing in violation of the Pennsylvania Unfair Insurance Practices and Unfair Trade Practices and Consumer Protection law (Count VI); negligence (Count VII); breach of contract (Count VIII); and conspiracy and concerted action to commit fraud, false claim and intimidation to deter exercise of constitutional rights (Count IX). The facts forming the basis for the claims are asserted against the insurers collectively. Amended complaint, ¶¶ 34-52. Moreover, with respect to USAIG's participation in the insurance of Liberty and Meridian, "a contracting party is the paradigm of an indispensable party." Travelers Indem. Co. v. Household Intern., Inc., 775 F. Supp. 518, 527 (D. Conn. 1991), *citing* Cloverleaf Standardbred Owners Ass'n, Inc. v. National Bank of Washington, 699 F.2d 1274, 1279-80 (D.C. Cir. 1983). Because USAIG is a contracting party, and, as such, indispensable, this action cannot proceed without it, and plaintiff's motion must be denied. Because plaintiff cannot cure this jurisdictional defect, her motion to amend must be denied

as futile.

The other basis for jurisdiction, federal question, is also challenged by the insurer defendants. They assert that plaintiff's claim under the Federal Tort Claims Act does not confer jurisdiction and note that the amended complaint does not allege plaintiff's exhaustion of administrative remedies. Plaintiff filed a claim against the United States on September 30, 2009. The claim has not been formally denied, and the six-month waiting period will not expire until March 30, 2010. Moreover, the United States is not a party to this action, having not yet substituted itself for the individual air traffic controllers named in the amended complaint.[4]

Because no basis for the exercise of subject matter jurisdiction exists, this action must be dismissed.

BY THE COURT:


/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[4] Plaintiff's opposition states: "Once this [the government substituting itself for its employees] occurs, and the government formally denies the Plaintiff's claims, Federal jurisdiction under Section 1346 will materialize as alleged in the Amended Complaint." Memorandum at 9.